**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CASEY BARNUM,

       Plaintiff,

vs.                                    Case No. 3:20-cv-458-J-34JBT

S2RESIDENTIAL,

       Defendant.

_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff Casey Barnum, who is proceeding pro se, initiated this action on May 4, 2020, by filing three form complaints. See Complaint for Employment Discrimination (Doc. 1); Complaint for a Civil Case (Doc. 1-1); Complaint and Request for Injunction (Doc. 1-2). In his Complaints, Barnum appears to assert claims for discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e. However, Barnum has improperly spread his claims and allegations over three separate Complaints, requiring the Court to sift through redundancies to discern the precise nature and scope of Barnum's claims and allegations. As such, the Court will strike the Complaints for failure to comply with the Federal Rules of Civil Procedure (Rule (s)) and direct Plaintiff to file a single, consolidated complaint.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is

still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 Fed. Appx. 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] According to Rule 3, a plaintiff commences a civil action through the filing of "a complaint with the court." See Rule 3 (emphasis added). The Rules require that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). In addition, Rule 10 requires a plaintiff to state his claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Rule 10(b). In addition, "[i]f doing so would promote clarity," Rule 10 requires that "each claim founded on a separate transaction or occurrence— . . . must be stated in a separate count . . . ." See Rule 10(b). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon

---

[1] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by contacting the Clerk's Office.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 Fed. Appx. 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).

As explained above, Barnum has divided his claims over three Complaints. It is difficult to discern whether these three Complaints are merely duplicative of each other or whether Barnum intends each Complaint to encompass a distinct claim or claims for relief. Regardless, this manner of pleading is improper and renders it impossible for the Court to discern which facts support which claims, or even precisely what Barnum's claims are. Accordingly, the Court will strike the three Complaints filed on May 4, 2020, and direct Barnum to file a single, consolidated complaint. While Barnum may continue to use one of these form complaints, Barnum should allege the facts supporting his claims in an attachment to the form, utilizing numbered paragraphs and separate counts for each separate claim. Ultimately, Barnum's complaint must set forth "a short and plain statement" of his claim or claims demonstrating that he is entitled to relief. See Rules 8(a)(2), 10(b).

Prior to filing his consolidated complaint, the Court encourages Barnum to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). If Barnum chooses to continue to proceed without the assistance of an attorney, the Court recommends that he visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers." In this section, there are many resources available to pro se

parties, including a Handbook called "Guide for Proceeding Without A Lawyer." If Barnum does not have access to the internet, one free copy of the Handbook may be obtained by mailing the Clerk's Office and referencing this Order.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Complaints (Doc. 1) are **STRICKEN**.

2. Plaintiff shall have up to and including **June 4, 2020**, to file a single, consolidated complaint. Plaintiff is cautioned that failure to comply with this Order may result in the dismissal of his case for failure to prosecute.

**DONE AND ORDERED** in Jacksonville, Florida, this 8th day of May, 2020.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties