UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASEY BARNUM,

    Plaintiff,

v.                            CASE NO. 3:20-cv-458-MMH-JBT

S2RESIDENTIAL/S2 CAPITAL
LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss or, Alternatively, to Stay and to Compel Arbitration ("Motion") (Doc. 12) and *pro se* Plaintiff's Response thereto (Doc. 32). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 27.) For the reasons stated herein, the undersigned respectfully recommends that the Motion be **GRANTED** to the extent that Plaintiff be compelled to submit all of his claims to arbitration, **DENIED** with respect to Defendants' request for dismissal,

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

and that the case be **STAYED** pending arbitration.

**I.      Background**

According to Plaintiff's Second Amended Complaint ("SAC") (Doc. 10), he was previously employed by Defendants in various capacities, including as a maintenance worker and a groundskeeper, at one or more apartment complexes.[2] (*See id.*)  Plaintiff now brings various employment discrimination claims against Defendants pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*  (*Id.*)  He alleges that Defendants discriminated against him based on his race, gender, and national origin when they terminated his employment, failed to promote him, and retaliated against him, among other things. (*Id.*)

As a condition of his employment, Plaintiff signed an Employment Agreement with G&A Partners ("G&A"), which provides various human resource services for its clients, including Defendants.[3]  (*See* Doc. 12-1.)  The Employment Agreement contains a "Dispute Resolution" provision that requires that all disputes between an employee and a G&A client be resolved in accordance with the G&A Alternative Dispute Resolution Plan ("ADR Plan").  (*Id.* at 7.)   The ADR Plan

---

[2] Defendants contend that Plaintiff is suing the wrong entities because he was actually employed by S2C FL Management, LLC d/b/a S2 Residential.  (Doc. 12 at 1 n.1.)

[3] "[T]he court can consider evidence outside of the pleadings for purposes of a motion to compel arbitration."  *Banks v. Cashcall, Inc.*, 188 F. Supp. 3d 1296, 1301 n.3 (M.D. Fla. 2016) (quotations omitted).

2

requires that all disputes, including employment discrimination claims pursuant to Title VII, be resolved through binding arbitration in accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.* (*Id.* at 10–12.)

Defendants now move to compel arbitration of all of Plaintiff's claims based on the Employment Agreement and the ADR Plan. (Doc. 12.) Plaintiff argues that the Employment Agreement should not be enforced for a number of reasons, that Defendants waived any right to arbitration, and that his claims are not within the scope of the ADR Plan. (Doc. 32.)

## II.     Employment Agreement and ADR Plan

The Dispute Resolution clause in the Employment Agreement states in relevant part:

> To the fullest extent permitted by law, all disputes between you and G&A or between you and all Clients to which you are assigned shall be resolved in accordance with the G&A Alternative Dispute Resolution Plan, a copy of which will be provided to you upon request. You may receive a copy of the Alternative Dispute Resolution Plan at any time by calling 1-866-497-4222.[4]

---

[4] Plaintiff does not appear to argue that arbitration should not be compelled because he was not provided with a copy of the ADR Plan. Nevertheless, the undersigned recommends that Plaintiff agreed to be bound by the ADR Plan, which was appropriately incorporated into the Employment Agreement signed by Plaintiff. *See Fantis v. Flywheel Sports, Inc.*, Case No. 18-24934-CIV-UNGARO/O'SULLIVAN, 2019 WL 1582957, at *9–16 (S.D. Fla. March 11, 2019) (noting that Florida law does not require that an incorporated document requiring arbitration be provided as long as it is specifically described and instructions on how to obtain it are provided), report and recommendation adopted, 2019 WL 2245417 (S.D. Fla. Apr. 29, 2019). *See also Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1330 (11th Cir. 2016) ("[W]e consistently have held that state law governs the issue of the existence of an agreement to arbitrate under the FAA . . . ."). The parties appear to agree that Florida law governs in this regard.

(Doc. 12-1 at 7.)

The ADR Plan states in relevant part:

> 3. If the dispute cannot be resolved through mediation, the Company and the Employee shall submit the dispute to binding arbitration, and not by way of court or jury trial.
> . . .
>
> 4. This Policy is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq.
> . . .
>
> 7. The Company's Mediation and Arbitration Policy covers any and all legal or equitable claims that the Employee may assert against the Company, including but not limited to the following types of claims: tort claims including but not limited to negligence and gross negligence claims, contract claims, claims for wages and benefits, claims arising pursuant to any federal, state or local law, discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, claims under the Civil Rights Act of 1991, claims under 42 U.S.C. § 1981, claims under the Age Discrimination in Employment Act, claims under the Americans with Disabilities Act, claims under the Fair Labor Standards Act, claims under the Employee Retirement Income Security Act, claims under the Family and Medical Leave Act, claims under the Rehabilitation Act, retaliation claims under applicable state workers' compensation laws, sexual harassment, defamation, intentional infliction of emotional distress, and disputes arising out of or relating to the interpretation or application of this Policy. . . .
> . . .
>
> 9. Mediation and binding arbitration shall be the exclusive methods by which the parties may assert claims covered by this Policy against each other and/or the Company's clients who have elected to be bound by this Policy.
> . . .

4

Case 3:20-cv-00458-MMH-J_T   Document 33   Filed 02/25/21   Page 5 of 12 PageID 454

> 14. Employment or continued employment after the effective date of the Company's Mediation and Arbitration Policy constitutes consent by the Employee to be bound by this Policy, both during the employment and after termination of employment.

(Doc. 12-1 at 10–12.)

### III.　General Legal Principles

"The FAA makes valid any written agreement to arbitrate a dispute arising out of a transaction involving interstate commerce, 'save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Bess v. Check Express*, 294 F.3d 1298,1304 (11th Cir. 2002). "Before a court may require parties to arbitrate, the movant must establish that there is a valid arbitration agreement and that the disputed claims are subject to arbitration." *Perera v. H & R Block E. Ent., Inc.*, 914 F. Supp. 2d 1284, 1287 (S.D. Fla. 2012).

### IV.　Analysis

Preliminarily, the undersigned notes that the 24-page Response, which attaches 174 pages of exhibits, is exceedingly difficult to decipher. (*See* Doc. 32.) For example, several words in virtually every sentence appear in parentheses and/or brackets for no apparent reason. The numerous legal arguments, which are presented in a scattershot method throughout the Response, are made up of mostly legal buzzwords, many of which are not applicable in the context in which they are used. Moreover, many arguments are entirely irrelevant to the issues presented by the Motion. In short, it is virtually impossible to discern and address

5

each individual argument Plaintiff attempts to raise in the Response.

Nevertheless, having liberally construed the *pro se* Response, it appears that all of Plaintiff's arguments fall into three basic categories: 1) that the Employment Agreement is invalid and/or should not be enforced; 2) that Defendants waived any right to arbitration; and 3) that his claims do not fall within the scope of the ADR Plan. The undersigned will address each category in turn.

### 1.  Validity of Employment Agreement

The undersigned recommends that Plaintiff's arguments regarding the validity and/or enforceability of the Employment Agreement be rejected because Plaintiff is challenging the Employment Agreement itself rather than the specific "Dispute Resolution" clause and/or the ADR Plan.

Under the FAA, only challenges specifically to the validity of an arbitration clause itself, and not to the entire contract containing the clause, may be decided by a court rather than an arbitrator. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006) ("[A] challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator."); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967) ("[I]f the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the 'making' of the agreement to arbitrate—the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally.").

6

> The Eleventh Circuit has stated:
>
>> Under normal circumstances, an arbitration provision within a contract admittedly signed by the contractual parties is sufficient to require the district court to send any controversies to arbitration. Under such circumstances, the parties have at least presumptively agreed to arbitrate any disputes, including those disputes about the validity of the contract *in general*.
>
> *Jenkins v. First Am. Cash Advance of Ga.*, 400 F.3d 868, 881 (11th Cir. 2005).

It appears that all of Plaintiff's arguments regarding the validity and/or enforceability of the Employment Agreement relate to the entire agreement rather than only the specific provision requiring arbitration. For example, Plaintiff argues in part that he believes a different contract governed his employment, that Defendants' conduct fraudulently induced him to sign the Employment Agreement, and that he was under duress when he did so. (Doc. 32 at 4–7, 12–14.) In short, regardless of the various legal buzzwords used by Plaintiff, all of these arguments are directed at the validity of the entire Employment Agreement. Thus, the undersigned recommends that these issues are for the arbitrator to decide.[5] *See, e.g.*, *Prima Paint Corp.*, 388 U.S. at 404 ("[T]he [FAA] does not permit the federal court to consider claims of fraud in the inducement of the contract generally."); *Coleman v. Prudential Bache Sec., Inc.*, 802 F.2d 1350, 1352 (11th Cir. 1986) ("Claims alleging unconscionability, coercion, or confusion in signing the

---

[5] The ADR Plan states that "disputes arising out of or relating to the interpretation or application of this Policy" are subject to arbitration. (Doc. 12-1 at 11.)

agreement generally should be determined by an arbitrator because those issues go to the formation of the entire contract rather than to the issue of misrepresentation in the signing of the arbitration agreement.").

### 2. Waiver

The undersigned recommends that Plaintiff's argument that Defendants waived any right to arbitration be rejected because it is based on Defendants' failure to demand arbitration prior to initiation of this case, including during the related EEOC proceedings, which is not required.

"Waiver results from a party's substant[ial] participat[ion] in litigation to a point inconsistent with an intent to arbitrate which results in prejudice to the other party." *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000) (quotations omitted). Thus, there is "no obligation to make a pre-suit demand for arbitration." *Id.* at 1223.

The only action taken by Defendants in this case is moving to compel arbitration of Plaintiff's claims. (Docs. 9 & 12.) Thus, Plaintiff does not, and cannot, argue that their conduct in this litigation constitutes a waiver of their right to arbitration. Rather, Plaintiff argues that Defendants' failure to demand arbitration before this action was filed, including during the related EEOC proceedings, constitutes waiver. (Doc. 32 at 18–22.) As set forth above, in general, waiver must be established by a party's conduct after a lawsuit is filed. Because Defendants have only moved to compel arbitration in this case, the

undersigned recommends that they have not waived their right to arbitration. *See Brown*, 211 F.3d at 1222–23 ("Brown also argues that ITT waived its right to arbitrate . . . by failing to raise the arbitration issue with the EEOC. This assertion is also without merit. . . . ITT was also under no obligation to make a pre-suit demand for arbitration.").

### 3. Claims Subject to Arbitration

The undersigned recommends that Plaintiff's argument that his claims fall outside the scope of the Employment Agreement and/or the ADR plan be rejected because the subject documents require arbitration of all claims between Plaintiff and Defendants, including specifically Title VII claims. (*See* Doc. 12-1 at 7, 11.)

Arbitration clauses create "a presumption of arbitrability," and arbitration should be compelled "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Regarding broad arbitration provisions, the Eleventh Circuit has stated:

> A party cannot avoid arbitration . . . because the arbitration clause uses general, inclusive language, rather than listing every possible specific claim.
>
> The language of the clause at issue is brief, unequivocal and all-encompassing. It states that "any dispute between them or claim by either against the other" is subject to arbitration. By using this inclusive language, the parties agreed to arbitrate any and all claims against each other, with no exceptions. An arbitration agreement is not vague solely because it includes the universe of the

9

> parties' potential claims against each other.

*Brown*, 211 F.3d at 1221.

The undersigned recommends that the relevant language in both the Employment Agreement and the ADR Plan requiring that "all disputes" and "any and all legal or equitable claims" be subject to arbitration is broad enough to encompass all of Plaintiff's claims. (*See* Doc. 12-1 at 7, 11.) Moreover, the ADR Plan explicitly requires that Title VII claims be submitted to arbitration. (*Id.* at 11.) Plaintiff argues that he brings claims other than Title VII claims, such as libel, which are not explicitly included in the ADR Plan. (Doc. 32 at 16.) He also argues that his claims are somehow based on workers' compensation law and are thus excluded from the ADR Plan.[6] (*Id.* at 16–17.) The undersigned recommends that these arguments be rejected because it does not appear that Plaintiff has alleged any claims other than his Title VII claims in the SAC. (*See* Doc. 10.) Moreover, even if any other claims were alleged, they would still be covered under the broad language of the ADR Plan. *See Brown*, 211 F.3d at 1222 ("[T]he FAA creates a presumption in favor of arbitrability; so, parties must clearly express their intent to exclude categories of claims from their arbitration agreement.") (quotations omitted). Thus, the undersigned recommends that all of Plaintiff's claims fall within

---

[6] The ADR Plan states that claims for workers' compensation benefits are not subject to arbitration, but that "retaliation claims under applicable state workers' compensation laws" are subject to arbitration. (Doc. 12-1 at 11.)

the scope of the Employment Agreement and the ADR Plan and must be arbitrated.

### 4. Stay Pending Arbitration

"[T]he Eleventh Circuit has expressed a preference that district courts stay arbitrable claims rather than dismiss them," and "the vast majority of district courts in the Eleventh Circuit stay arbitrable claims pending arbitration."  *Pilitz v. Bluegreen Corp.*, Case No. 6:11-cv-388-Orl-19KRS, 2011 WL 3359641, at *7 (M.D. Fla. Aug. 4, 2011).  Therefore, the undersigned recommends that a stay of the instant proceedings is preferable over dismissal of the case.

## V. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 12**) be **GRANTED** to the extent that Plaintiff be compelled to submit all of his claims to arbitration, and **DENIED** with respect to Defendants' request that this case be dismissed.

2. The case be **STAYED** pending arbitration of Plaintiff's claims.

3. The parties be ordered to file a joint status report with this Court every one hundred and twenty (120) days until this matter is resolved.

4. The Clerk be directed to terminate all pending motions and administratively close the case.

11

**DONE AND ENTERED** in Jacksonville, Florida, on February 25, 2021.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

*Pro se* Plaintiff

12